UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

Case No.: **CV 07-3775-AHS(FMOx)**                               Date: **March 23, 2009**

Case Title: **DEAN CARROLL, etc., et al. v. HOMECOMINGS FINANCIAL LLC, et al.**

================================================================
PRESENT:   **THE HONORABLE ALICEMARIE H. STOTLER, U.S. DISTRICT JUDGE**

      **Ellen Matheson**                    **Debbie Gale**
      Deputy Clerk                          Court Reporter

ATTORNEY(S) PRESENT FOR PLAINTIFF(S):    ATTORNEY(S) PRESENT FOR DEFENDANT(S):
David M. Arbogast                         J. Matthew Goodin

PROCEEDINGS:   DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED
              COMPLAINT; REQUEST FOR JUDICIAL NOTICE

    Cause called.  Tentative Ruling provided to counsel prior to hearing, a copy of which shall be attached to the Clerk's minutes on these proceedings.  Hearing held.  Counsel argue.  Defendants' Request for Judicial Notice is denied in part as moot, and plaintiff's objections as to Exhibit A are overruled, granting the Request in part.  Defendants' Motion to Dismiss is granted without prejudice to amendment.  No later than April 13, 2009, plaintiff may file a Third Amended Complaint.  If an amended complaint is not timely filed, Court will dismiss the action in accordance with the Tentative Ruling.

                                                                               00  :  40
                                             Initials of Deputy Clerk:  enm

**Dean Carroll, et al. v. Homecomings Financial LLC, et al.**
CV 07-3775
Tentative Ruling

| Claims in the Second Amended Complaint | Arguments in Motion | Court's Findings | Ruling: Defendants' Motion is: |
|---|---|---|---|
| **(1) TILA (Not Carroll)** | Rescission is not available as a remedy because there are no defects in Material Disclosure: APR, finance charge, amount financed, total payments, payment schedule, TILDs disclosures. | Because the Court dismisses all of the TILA claims, it does not address this issue. | Granted |
| (A) Payment Schedule provided was not based on interest rate provided in Note or listed on the TILDS violated 226.17(a)(1) | TILD complies b/c it provides initial payment amount applicable for first 12 months, until Payment Change Date. | The Program Disclosures ("PD") explain how the interest rate in the Payment Schedule was calculated and the Schedule itself demonstrates that the interest rate used is a composite of the Initial Interest Rate and the APR, as TILA requires. | Granted |
| (B) Failure to clearly disclose that the Payment Schedule was not based on the interest rate provided in the Note and that Negative Amortization would occur based on that schedule violated 226.17(c) and 226.19 to make disclosures concerning the interest rate | APR is required, 226,17, 226.18(f)(2) – "actual interest rate" does not exist – TILDs included required statements. | The Payment Schedule itself demonstrates that negative amortization will occur, it was clear and conspicuous. | Granted |

| | | | |
|---|---|---|---|
| (C) Failure to clearly disclose that negative amortization was certainty based on 226.19 | 226.19 applies to PD, and both the Note and PD highlight that negative amortization is possibility. See 226.19(b)(2)(vii). | It is technically accurate because plaintiffs could have elected a different payment option which would eliminate negative amortization. | Granted |
| (D) Failure to clearly disclose that initial interest rate is discounted based on 226.19(b)(2)(v) | 226.19 applies to PD, and PD here has clear statement about discounted rate. | Adopt Defendants' argument. | Granted |
| (E) Failure to clearly disclose the Composite Interest Rate based on official commentary to 226 C.F.R. 17(C)(8) | TILA does not control Note content, only disclosures – TILDs has APR listed as required. 226.19(b)(2). | Adopt Defendants' argument. | Granted |
| (F) Failure to clearly disclose the Legal Obligation based on 12 C.F.R. § 226.17(c) | Legal obligation requires disclosures to reflect the credit terms. 226 Sup. 1. Cmt. 17(c)1. The credit terms are in the notes. | Adopt Defendants' argument. | Granted |
| (G) Failure to clearly disclose the Effect of the Payment Cap | It is included in PD, "b/c payment caps limit only the amt of pymt increases . . ." and also in Note. | Adopt Defendants' argument. | Granted |
| **(2) 17200 "unlawful" based on TILA violations (Not Carroll)** | B/c no TILA claim, no 17200. | Adopt Defendants' argument. | Granted |

| | | | |
|---|---|---|---|
| **(3) 17200 - unfair and fraudulent business practices: misrepresentation of marketing and promotion of loans** | Def complied with TILA, no other disclosures required. Linear Tech., Stetler, Evans. UCL cannot be used to challenge fairness of loans, which is improper. South Bay. No alleged specificity. | Adopt Defendants' argument as to specificity. | Granted |
| **(4) Fraudulent Omissions: duty to disclose actual interest rate, negative amortization, discounted initial rate** | See entry to No. 3. | Plaintiffs' fraudulent omissions claim is predicated wholly on its TILA claim. Because defendants made all required TILA disclosures, this claim fails. | Granted |
| **(5) Breach of Contract: apply payments to interest and principal** | Reading K in entirety, it is ok. Skookum. | Adopt Defendants' argument. | Granted |
| **(6) Br. GFFD: by not applying payments to principal it misleads pls** | GFFD cannot prohibit what K permits. Late Fee. Pl allege only pre-formation claims, not proper. Berger. | Adopt Defendants' argument. | Granted |

3